# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
PROTEC GmbH )  ASBCA Nos. 61161, 61162, 61185[1]
)
Under Contract Nos. W912CM-14-D-0007 )
W912CM-14-P-0008 )

APPEARANCE FOR THE APPELLANT: Paul D. Reinsdorf, Esq.
Frankfurt, Germany

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
Dana J. Chase, Esq.
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE SWEET
## ON THE GOVERNMENT'S MOTIONS TO DISMISS

The Regional Contracting Office, Weisbaden (government) moves to dismiss these appeals for lack of jurisdiction. The government argues that the contracting officer's (CO's) final decisions (COFDs) were invalid—and thus we lack jurisdiction—due to the fact that the COFDs' basis for denying the claims purportedly was a suspicion of fraud. Because a suspicion of fraud was not the basis for the COFDs—let alone its only basis—we deny the motions.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTIONS

*I. ASBCA No. 61161 and 61162*

1. On 28 September 2014, the government awarded Contract No. W912CM-14-D-0007 to appellant PROTEC GmbH (PROTEC), for the maintenance, inspection, and repair of fire alarm, fire suppression, and evacuation systems at U.S. Army Garrison, Wiesbaden (R4, tabs 1, 4-8).

2. On 26 October 2015, the CO posted an initial evaluation on the Contractor Performance Assessment Reporting System (CPARS), which rated PROTEC as

---

[1] ASBCA Nos. 61161 and 61162 are consolidated. However, ASBCA No. 61185 is a separate appeal. Nevertheless, because the issues raised in the motions to dismiss are substantially similar, we have decided to issue one decision for all three appeals.

unsatisfactory in the areas of quality, schedule, management, and regulatory compliance (R4, tab 112).

3. The government also refused to pay some PROTEC invoices (R4, tab 115).

4. On 17 September 2016, PROTEC submitted a certified claim regarding the CPARS evaluation (R4, tab 114). Shortly thereafter, on 23 September 2016, PROTEC submitted a certified claim in the amount of €143,615.92 for the unpaid invoices (R4, tab 115).

5. On 6 February 2017, the CO issued a COFD addressing the CPARS evaluation and unpaid invoice claims together (R4, tab 122 at 7-8). The COFD corrected one error in the CPARS evaluation,[2] but otherwise denied the claims (*id.* at 8). The COFD rejected the claims for several reasons (*id.* at 8-18). First, PROTEC purportedly failed to maintain required professional certifications (*id.* at 8, 10). Second, PROTEC purportedly submitted untimely maintenance schedules and condition reports, and failed to comply with schedules (*id.* at 11-14). As a result, the government could not verify whether PROTEC actually performed the invoiced work (*id.* at 12). Third, "[o]n the occasions the COR could verify ProTec technicians arrived at a building to attempt to perform some of the [testing] work, it was only partially attempted" (*id.* at 14). Fourth, PROTEC allegedly failed to provide a proper quality control program, properly maintain and replace limited life span equipment, and bring the child development center fire detection system online (*id.* at 16). As a result, the COFD concluded that the CPARS evaluation was accurate, and that "the Government cannot pay invoices when the contract called for services that, even if attempted, did not comply with the [performance work statement] and certification requirements, causing any work performed to be of no value to the Government" (*id.* at 18). The COFD did not state that it was denying the claim based upon a suspicion of fraud, or even mention fraud or false statements (*id.* at 1-18).

6. PROTEC timely appealed the COFD to the Board.

*II. ASBCA No. 61185*

7. On 20 December 2013, the government awarded Contract No. W912CM-14-P-0008 to appellant PROTEC, for the maintenance and repair of electronic doors, gates, scanners, sauna compact system and electric/hydraulic barriers, and bollards also at U.S. Army Garrison, Wiesbaden (R4, tab 3).

8. The government refused to pay some PROTEC invoices (R4, tab 119).

---

[2] In particular, the original CPARS evaluation incorrectly indicated that the termination type was "default." The COFD corrected that evaluation to indicate that the termination type was "none." (R4, tab 122 at 7-8)

2

9. PROTEC then submitted a certified claim on 31 October 2016, in the amount of €141,827.88 for the unpaid invoices (R4, tab 198).

10. On 28 February 2017, the CO issued a COFD denying the claim. The COFD denied the claim because PROTEC failed to: (1) provide timely schedules, condition reports, and documentation for emergency; (2) follow such documents; and (3) provide such documentation in an electronic format or in English. As a result, the government purportedly was unable to inspect the work in order to verify the acceptability of PROTEC's performance. Further, the COFD stated that PROTEC failed to secure approvals for repair work in excess of €50. The COFD did not state that it was denying the claim based upon a suspicion of fraud, or even mention fraud or false statements. (R4, tab 199 at 7-9)

11. PROTEC timely appealed the COFD to the Board.

*III. Facts Common to all Appeals*

12. After performance began on the contracts, but before the COFDs, the CO's representative (COR) sent the CO an email raising concerns that, in connection with the contracts, PROTECH was fraudulently: (1) submitting invoices for work that it had not performed; (2) utilizing unauthorized and unqualified personnel, and misrepresenting qualified personnel performed the work; and (3) submitting documents supporting invoices, which contained false information (R4, tab 25; gov't mot., ex. 1, ¶ 5).

13. The COR also reported his suspicions to the United States Army Criminal Investigation Command (CID) (gov't mot., ex. 1, ¶ 5). CID compiled a Target Analysis File, which it subsequently forwarded to the CID Major Procurement Fraud Unit (*id.*, ¶¶ 5, 8). The criminal investigation regarding the alleged fraud is on-going (*id.*, ¶ 15).

## DECISION

The government contends that the CO did not have authority to issue the final decision because the CO knew that appellant was under investigation for fraud at the time the COFD was issued. Therefore, the government argues that the COFD is a nullity and the Board does not have jurisdiction over the appeal. (Gov't resp. at 2) Appellant counters that the COFD was grounded exclusively in disputed contract issues and thus, the Board may properly exercise jurisdiction (app. reply br. at 1, 5). We agree.

We possess jurisdiction because the COFDs were not based upon—let alone solely based upon—a suspicion of fraud, so they were valid COFDs. A CO's authority "to decide or resolve claims does not extend to...[t]he settlement, compromise, payment or adjustment of any claim involving fraud." Federal Acquisition Regulation (FAR)

3

33.210(b). Rather, "[i]f the contractor is unable to support any part of the claim and there is evidence that the inability is attributable to misrepresentation of fact or to fraud on the part of the contractor, the contracting officer shall refer the matter to the agency official responsible for investigating fraud." FAR 33.209. As a result, the United States Court of Federal Claims and the Civilian Board of Contract Appeals (CBCA) have held that a COFD is not valid if it is based upon a suspicion of fraud. *Medina Constr. Ltd. v. United States*, 43 Fed. Cl. 537, 555-56 (1999); *Savannah River Nuclear Solutions, LLC v. Department of Energy*, CBCA No. 5287, 17-1 BCA ¶ 36,749. Moreover, because a valid COFD is a prerequisite for CDA jurisdiction, *Medina Construction* and *Savannah River* hold that there is no CDA jurisdiction when a COFD is invalid due to it being based upon a suspicion of fraud. *Id.*[3]

However, a COFD is only invalid if it is based solely upon a suspicion of fraud. *Daff v. United States*, 78 F.3d 1566, 1572 (Fed. Cir. 1996). In *Daff*, a COFD offered two reasons for sustaining a default termination: (1) the hardware was defective because the personnel who worked on the contract were not certified; and (2) there was intentional falsification of the certification records. *Id. Daff* held that that was a valid COFD for purposes of establishing Contract Disputes Act (CDA) jurisdiction because, even though the second reason constituted a suspicion of fraud, the first reason was a failure to perform according to the contract's terms, which was a rationale the CO was authorized to assert. *Id.*

Here, the COFDs were not even based upon a suspicion of fraud. Unlike in *Daff*, nothing in the COFDs stated that there was intentional falsification, or any other suspicion of fraud. (SOF ¶¶ 5, 10) At most, the COFDs could be read as citing facts similar to those in the report relied upon in the CID report (SOF ¶¶ 5, 10, 12). However, "[t]he mere fact that there is an ongoing criminal investigation which encompasses events which were the basis for the contracting officer's decision being appealed is not enough to divest us of jurisdiction." *Fleischzentrale Sudwest GmbH*, ASBCA No. 37273, 89-3 BCA ¶ 21,956, at 110,444. In any event, even if the COFDs could be read as expressing a suspicion of fraud, the COFDs also relied upon other rationales that the CO was authorized to assert, such as a failure to perform due to improper certification in ASBCA Nos. 61161, and 61162 and PROTEC purportedly preventing the government from inspecting PROTEC's work by failing to provide

---

[3] The government relies upon *Savannah River* and *Medina*. In *Savannah River*, the CBCA upheld a CO's determination that he lacked authority to issue a COFD due to suspected fraud on behalf of the contractor. In *Medina*, the court held that the COFD, which denied a claim based upon fraud, was unauthorized and invalid. For purposes of this motion only, we assume— without deciding—that *Medina Construction* and *Savannah River* are persuasive because, based on the facts under these appeals, there was a valid COFD, even under *Medina Construction* and *Savannah River*.

4

timely documentation in ASBCA No. 61185 (SOF ¶¶ 5, 10). Because we found that the COFDs were based upon rationales the CO was authorized to assert (*id.*), the COFDs were valid and each establishes CDA jurisdiction. *Daff*, 78 F.3d at 1572.

## CONCLUSION

We possess jurisdiction over these appeals. Therefore, the government's motions to dismiss are denied.

Dated: 20 March 2018

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61161, 61162, 61185, Appeals of PROTEC GmbH, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals